WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stormee J Brown, et al., | No. CV-16-03875-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Pegasus Research Group LLC, et al., | |
| Defendants. | |

Pending before the Court are Plaintiffs Stormee Brown, Julie Leggett and Megan East's Motion for Conditional Certification of FLSA Collective Action, (Doc. 12), and Defendant Pegasus Research Group, LLC d/b/a Televerde's ("Televerde") Motion for Leave to File a Surreply, (Doc. 32).[1]  For the following reasons, the Court grants Televerde's Motion for Leave to File a Surreply and grants the Motion for Conditional Certification in part.

## BACKGROUND

Televerde operates a "virtual sales and marketing service company" headquartered in Phoenix, Arizona. (Doc. 24 at 2.)  Televerde employs over 350 sales agents throughout the country, including incarcerated women at state prisons in Arizona and Indiana. (Doc. 12 at 2.) Televerde has several distinct tiers of sales agents. There are Lead Development Representatives ("LDRs"), Inside Marketing Representatives

---

[1] Neither party requested oral argument in this matter, thus the Court will not schedule a hearing prior to reaching its decision.

("IMRs"), and Inside Sales Representatives ("ISRs"). (Doc. 24 at 2–3.) Of these positions, the IMRs and the ISRs were classified as exempt under the Fair Labor Standards Act ("FLSA").

Each of the named Plaintiffs was employed as an IMR or an ISR with Televerde in the last two years. The named Plaintiffs allege that ISRs and IMRs share the same principal duties, including performing online research for potential customers, contacting potential customers, and preparing and submitting activity reports. (Doc. 12 at 3.) The Plaintiffs allege that Televerde systematically misclassified these positions as exempt under FLSA, and thus improperly denied them overtime pay.

Pursuant to 29 U.S.C. § 216(b), the Plaintiffs now seek conditional certification to bring a collective action claim on behalf of all ISRs and IMRs employed by Televerde within the last two years who worked over forty hours per week during that period.

## DISCUSSION

**I.    Legal Standard**

An employee may bring an FLSA collective action on behalf of himself and other employees that are "similarly situated." 29 U.S.C. § 216(b). However, neither the statute nor the Ninth Circuit has defined the phrase "similarly situated."

District courts within the Ninth Circuit "generally follow the two-tiered or two-step approach for making a collective action determination." *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 925 (D. Ariz. 2010). Under this approach, "a court typically makes an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'" *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). The burden is on the plaintiff to establish that she is similarly situated to the rest of the proposed class, but the standard "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* (internal quotation and citation omitted). "This determination is made under a 'fairly lenient standard,' which in the Ninth Circuit typically results in conditional certification." *Shaia v. Harvest Mgmt. Sub LLC*, 306 F.R.D. 268, 272 (N.D. Cal. 2015). To be

successful, it is generally accepted that the plaintiff's allegations should be supported by declarations or affidavits by the plaintiff. *See id.*; *Velasquez v. HSBC Fin. Corp.*, 266 F.R.D. 424, 427 (N.D. Cal. 2010) ("The notice stage determination is made under a fairly lenient standard and typically results in conditional certification. However, unsupported assertions of FLSA violations are not sufficient to meet Plaintiff's burden." (internal quotation and citation omitted)). At the close of discovery, typically upon a motion to decertify, the court will revisit the issue and consider a number of factors to determine whether the proposed class is truly similarly situated for the purposes of FLSA. *Thiessen*, 267 F.3d at 1102.

But, at this stage of the proceedings, "the Court is concerned only with whether a definable group of similarly situated plaintiffs exists." *Warren v. Twin Islands, LLC*, No. 1:11-CV-00098-BLW, 2012 WL 346681, at *2 (D. Idaho Feb. 2, 2012). Thus, "in making a determination in whether to conditionally certify a proposed class for notification purposes only, courts do not review the underlying merits of the action." *Colson*, 687 F. Supp. 2d at 926.

## II.     Analysis

The Plaintiffs in this case request conditional certification for "all contact center sales agents," including "IMRs and ISRs and/or employees with the same or similar job duties as the Plaintiffs who were employed or are employed at the Arizona location." (Doc. 12 at 2.) In support of this, the Plaintiffs submitted a number of exhibits, including declarations from each named Plaintiff, a declaration from a potential plaintiff, Ms. Renee Ruggiero, email correspondence between Ms. Ruggiero and Plaintiff's counsel, and an organizational chart from February 2015. (Doc. 13-1.) The Plaintiffs also provided a model Notice form to be distributed amongst potential plaintiffs should the Plaintiffs succeed in obtaining conditional certification.

The declarations submitted by the Plaintiffs are sufficient to show that IMRs and ISRs "were together the victims of a single decision, policy, or plan" by the Defendant to misclassify certain employees as exempt under the FLSA. *Thiessen*, 267 F.3d at 1102

(internal quotation and citation omitted). The declarations establish that each of the named Plaintiffs, as well as Ms. Ruggiero, worked at Televerde's Phoenix office and held similar positions. Ms. Brown and Ms. Leggett's responsibilities as IMRs included performing online research, contacting potential customers, taking and communicating notes to team members, and establishing activity logs. (Doc. 13-1 at 2, 5.) Throughout their respective time at Televerde, both Plaintiffs were classified as exempt employees and therefore did not qualify for overtime pay, despite working more than forty hours a week.[2] (*Id.*) Both Plaintiffs also affirmed that other IMRs in the Phoenix office performed similar duties, and were also denied overtime pay. (*Id.*) In support of this, a potential plaintiff, Ms. Ruggiero, filed a declaration affirming that she was also an IMR, and she shared the same responsibilities as Ms. Leggett and Ms. Brown, and she was also denied overtime pay. (Doc. 13-1 at 10.) The other named Plaintiff, Ms. East, was employed as an ISR, and affirmed that her responsibilities were similar to that of the IMRs, but with some added responsibilities as well. (Doc. 13-1 at 8.) At this stage in the proceedings, these declarations meet the lenient standard plaintiffs must meet to qualify for conditional certification.[3]

However, the conditional certification is limited to include only IMRs and ISRs who worked more than forty hours per week at least at times during the relevant period. The Plaintiffs provided declarations and affidavits that established a foundation for the

---

[2] Televerde's Motion for Leave to File a Surreply is granted. (Doc. 32.) While the content contained in Televerde's proposed surreply is best left for discussion during the second stage of this two-tiered analysis, the confusion resulting from the Plaintiffs' conceded misstatement of the record in its Response justifies permitting the Defendant to file a surreply to clarify the record. (Doc. 35 at 2.)

[3] Televerde may file a motion to decertify at the close of discovery. At such time, the Court will revisit the question of whether certification is appropriate by "utilizing a stricter standard of 'similarly situated'" that calls for the weighing of a variety of factors to determine if certification is proper, including: the differences in the employment settings amongst the individual plaintiffs, the "various defenses available to defendant which appear to be individual to each plaintiff", and "fairness and procedural considerations." *Thiessen*, 267 F.3d at 1103.

assertion that IMRs and ISRs may constitute a class of employees that are similarly situated for the purposes of collective action.  The same cannot be said for the broader, unidentified class of "employees with the same of similar job duties as [the] Plaintiffs." (Doc. 12 at 2.)  Conditional certification should not be utilized to "authorize notice to the broadest possible class of plaintiffs, based solely on plaintiff's unsupported allegations." *Wertheim v. State of Arizona*, No. CIV. 92-0453 PHX RCB, 1992 WL 566321, at *5 (D. Ariz. Aug. 4, 1992).  Furthermore, "[w]hile the standard for conditional approval at the stage of the litigation is lenient, it does require *some evidentiary* support."  *Bishop v. Petro-Chem. Transp., LLC,* 582 F. Supp. 2d 1290, 1296 (E.D. Cal. 2008) (emphasis original).  The Plaintiffs in this case offer no evidence in support of seeking such a broad group of employees as members of a conditional certification.  To the contrary, Televerde submitted evidence that "the vast majority of contact sales agents include incarcerated women," who "do not work at the corporate office, do not perform the same job duties as IMRs or ISRs, do not have the same supervisors as IMRs or ISRs, and have a very different compensation structure."  (Doc. 24-1 at 3.)  This indicates that many of the contact sales agents are not similarly situated for the purposes of FLSA, and permitting the Plaintiffs to obtain the broader conditional certification they seek would be inconsistent with the goal of "orderly management of the litigation, the recognized purpose for allowing early court-approved notice to potential plaintiffs." *Wertheim*, 1992 WL 566321, at *5.

As to the form of the proposed notice, the parties agree to limit the temporal scope to "two years and seven calendar days prior to the entry of the conditional certification" and to only send the notice through U.S. Mail.  (Doc. 24 at 10–11; Doc. 28 at 9.) Additionally, the notice shall include Televerde's counsel's contact information. *See Belcher v. Shoney's, Inc.*, 927 F. Supp. 249, 254 (M.D. Tenn. 1996) (including the defense counsel's contact information in the notice to the potential plaintiffs).

**CONCLUSION**

For the foregoing reasons, the Plaintiffs' Motion for Conditional Certification is granted in part and denied in part.

**IT IS THEREFORE ORDERED** that the Plaintiffs' Motion for Conditional Certification, (Doc. 12), is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Leave to File a Surreply, (Doc. 32), is **GRANTED**. The Clerk of Court is directed to file the lodged document, (Doc. 33).

Dated this 6th day of June, 2017.

*/s/ G. Murray Snow*
Honorable G. Murray Snow
United States District Judge