**RYLEY CARLOCK & APPLEWHITE**
One North Central Avenue, Suite 1200
Phoenix, AZ 85004-4417
Telephone 602.440.4800
Fax 602.257.9582

Rodolfo Parga, Jr. (Bar No. 15514)
rparga@rcalaw.com
Andrea G. Lovell (Bar No. 19882)
alovell@rcalaw.com
Ellen Joy Glass (Bar No. 26002)
eglass@rcalaw.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stormee J. Brown, Julie Leggett, Megan East, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Pegasus Research Group, LLC dba Televerde,<br><br>Defendant. | Case No. 2:16-cv-03875-PHX-GMS<br><br>**[PROPOSED] DEFENDANT TELEVERDE'S SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION** |

Defendant Pegasus Research Group, LLC dba Televerde ("Televerde"), by and through undersigned counsel, respectfully submits this Surreply in Opposition to Plaintiffs' Motion for Conditional Certification of FLSA Collective Action [Doc. 12]. In the Reply [Doc. 28], Plaintiffs' counsel has made significant misrepresentations about what was said during the Case Management Conference on January 20, 2017.

First, Plaintiffs' counsel asserts that the administrative exemption "was not . . . mentioned at the Case Management Conference." *See* Reply, at 4:26-5:2. To the contrary, undersigned counsel specifically argued that conditional certification was not appropriate "because there's a fact-intensive, individualized inquiry into whether these employees fall under the ***administrative exemption*** . . ." *See* Reporter's Transcript of

4135082.1
02/01/17

Proceedings Before the Honorable G. Murray Snow (Scheduling Conference) dated January 20, 2017 ("Tr."), at 8:21-23, a copy of which is attached hereto as Exhibit 1 (emphasis added). The statement was entirely consistent with Defendant's portion of the parties' Amended Joint Proposed Case Management Plan [Doc. 19] in which Televerde explained that "Plaintiffs were exempt administrative employees under the FLSA because their primary duty was the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers, and they exercised discretion and independent judgment with respect to matters of significance. 29 C.F.R. § 541.200(a)."[1]

Additionally, Plaintiffs' counsel asserts that he "did not concede that he was not alleging a company-wide directive related to off-the-clock work as it relates to Plaintiffs and those similarly situated." Reply, at 5:10-12. However, the following exchange took place at the Case Management Conference:

> THE COURT: So are you at this point claiming that there's some sort of employment directive about off-the-clock work?
>
> MR. CELAYA: *No, Your Honor*. But the plaintiffs all have pretty much the same story about the time that they worked.
>
> THE COURT: You mean the three plaintiffs that you've spoken with.
>
> MR. CELAYA: Yes, the three plaintiffs.

Exhibit 1, at 16:17-25 (emphasis added).

These issues are critical to the resolution of whether conditional certification is appropriate in this case, and Televerde believes that the Court should have an accurate record before it when making its ruling.

/ / /

---

[1] Plaintiffs' counsel's additional statement that the administrative exemption "was not included in the Answer" is puzzling given that Televerde timely filed a Motion for Leave to Amend Answer to Plaintiffs' Civil Complaint and Jury Trial Demand (to include two additional affirmative defenses, one of which was the administrative exemption) prior to Plaintiffs' counsel's filing the Reply.

RESPECTFULLY SUBMITTED this 7th day of February, 2017.

**RYLEY CARLOCK & APPLEWHITE**

By: s/ Andrea G. Lovell
 Rodolfo Parga, Jr.
 Andrea G. Lovell
 Ellen Joy Glass
 One North Central Avenue, Suite 1200
 Phoenix, AZ 85004-4417
 Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System and that ECF will send an e-notice of the electronic filing to the following CM/ECF registrant:

Eduardo J. Celeya
Law Office of Eduardo J. Celeya, PLLC
1910 S. Stapley Drive
Suite 221
Mesa, AZ 85204
*Attorneys for Plaintiff*

By:  s/ Tina Kaminski